Okay, thank you. Your Honor, first I want to address the question posed to me in the last order submitted, which the court wanted to hear first, which is the whether the bond order was valid. In this case, which is an American with disabilities case, the judgment, the original judgment in this case, was in zero dollars plus attorney's fees with no remediation, no, can you hear me okay? Yes, yes, now I can. With no remediation, okay, no remediation. When it came time for doing the briefs, I argued that plaintiff has to accomplish something in order to become the prevailing party, and with a judgment for zero plus legal fees and no remediation, technically the defendant is the prevailing party. However, admittedly, the judgment was an error. At all times, the judgment was an error. I'm not sure I understand your argument. Mr. Rothman, I'm not sure I or not the appeals bond properly included attorney's fees might be incurred on appeal, and whether or not you'd ever objected to the bond on that ground in the district court. And so I thought that was that was my next statement. I was getting to. Okay, so let me let me ask the questions in order because the first one's easy. Uh, where can I find that you objected to the bond on that basis in the district court? I filed a one page document because I had filed a notice of vacation and I was out of the country for three weeks. Okay, excuses aside, excuses aside, is it that one page document that you think objected to the inclusion of attorney's fees on appeal? Yes, it's never mentioned in that one page document, which has three bullet points. So is that a specific enough objection? Is that a specific enough objection to preserve it for appeal? Probably not. But it was the best I could do after flying after 20 hours. But you also have three weeks between then and the bond hearing and didn't didn't rate didn't file any supplemental proceed. Uh, arguments. Did you? I couldn't. I wasn't able to. That was the deadline. The day I came back was a deadline for filing my opposition. Was there a hearing on this most on the bond? Yes. Did you appear in that hearing? Yeah, I know. Otherwise it wouldn't be here. But, uh, did you appear at that hearing? Yes. And at that hearing, did you say, Judge? Uh, you know, well, I don't think the bond should include appellate attorney's fees. I don't recall. I don't think you did. So So from my perspective, we're trying to figure out whether or not it was clear error for the judge to include those things in the judgment. And so I'd like to hear why you think it was clear error. And I preface it by saying we don't seem to have a case on point in the Ninth Circuit. So why was it clear error for the judge to include the appellate attorney's fees in the judgment? Well, because the bond is was defective on its face. And and since the motion for bond for the bond was made prior to the amended judgment coming in, the upon motion for appeal on a judgment which was defective and would have been should have been expected to be reversed, would not include any attorney's fees on appeal, mainly because of the fact that there was no relief greater for the plaintiff than that of the defendant. But that issue got that issue got cleaned up. Oh, I understand. No, but I was trying to respond to to that particular question. And it was I'm not worried so much today about why you failed to do it. That's a separate issue. The question is, it is clear that you never did object on this basis. And so, since you didn't under our case law, we can only reverse what the judge that if there if there was plain error. And so I'm trying to find out what your argument is, why it was plain error for the bond to be constructed the way it was. I believe that a even if there's no opposition to the bond zero, I believe that a court can't impose a bond if the judgment is defective on its face. I didn't find any law on that particular issue either, but it would make sense logically for a bond for appeal on the judgment that would be reversed because of the fact that it would it would be reversed in favor of the defendant. There would be no rational reason for that. Okay, so so again, I don't want to put words in your mouth. I'm just trying to understand your position. Your position on appeal is that the bond was defective because the judgment was defective. Correct. Correct. Correct. And that's your only argument on appeal as to the bond. Um, yes and no. I had one other argument that came later that I addressed in another portion that I was going to present today. I don't believe the bond is for attorney's fees and costs. I don't believe any attorney's fees and costs can be awarded in this case because, uh, uh, the counsel for the plaintiff was not following the rules of professional conduct and there was no professional corporation involved. She wasn't acting as the individual. I included in my, uh, it's in your reply briefs and appendix of this. Of course, yes, I know the court read everything. Yeah, but I put it differently to put it differently. All your arguments about the bond are the ones that are in your opening brief in your reply brief, right? Correct. Okay, thank you. I'm sorry. I didn't mean to get you off course. Oh, you're not. Okay. Uh, and I appreciate your questions. Um, so, uh, again, because the judgment is invalid on its face, I don't believe that the bond should have been awarded in the first place. Now, after the judgment was corrected, we have a different situation. If after the case went up and the your honors granted a time to my have the judge and modified and the that issue was is no longer in effect. But the $22,000 bond was granted. That order for the bond was granted prior to the modification of the second judgment. That's what I'm concerned with. That's what I argued with. Okay, now, hi. I'm not looking at Pamela. I've lost the court. Okay, now, okay, you're back. You're back. Okay. I would like to bring a couple of other things not included in my brief because I get some extra research after I saw that order from the from the court. There's a case called the United States versus bar, the Ninth Circuit case, November 1st, 1999. And it's cited as, um, 1 95 Federal 3rd 446. It says that a an attorney who practicing law without a license is violation of the California business and session codes. What we have here is Miss I was a licensed attorney working for a session, which is not a professional corporation. It's not her. It's not a partnership, and it's in complete violation of all the state of California professional, uh, uh, standards. And, um, without a licensed attorney representing a company, they it's invalid at all points for any attorneys fees to be awarded. And that, of course, my arguments and the state bar rules have been set forth in my brief. That was my second argument about attorneys. You're down to about 37 seconds. You want to save a little time for rebuttal, or do you want to just use him up? Um, say some time for a little. Thank you. Uh, the South Good afternoon. May it please the court. Pam, what's our on behalf of plaintiff appellee? We trump. Um, in the court's most recent order, the court directed us to focus on the very narrow issue of whether the district court aired and including the attorneys fees as part of the bond amount. And I would argue to this court that before we even reached that issue, we must address the longstanding, well settled rule that an argument raised for the very first time on appeal shall not be considered. I think we've I take your point on that, and you have a pretty fair argument there. Why don't you address the just the permissibility under our cases, in particular, the is easy in case as to why it was okay to include anticipated how attorneys fees in this bond? Because I think there's some questions there. Decided in our moving papers to the district court when we requested an appellate bond and requested that the district court include within that appellate bond the amount of anticipated attorneys fees. We cited to the Ninth Circuit case of a Zizian versus Federated Department store. Under that case, the Ninth Circuit stated that cost on appeal can in fact include anticipated attorneys fees when there is an applicable fee shifting provision in here. We have sued the defendant under both the Andrew and the 88. The 88 does, in fact, allow for a prevailing plaintiff to recover attorneys fees and cost. The applicable fee shifting provision here is found squarely within the 88 and therefore including attorneys fees as part of the appellate bond amount was fully allowed for under the case of a Zizian. And so maybe a little quick, right? Go ahead, Judge. The issue here is the federal rule of Appellate Procedure seven. The appellate bond provision talks about costs. And what is easy and says is these can be part of costs. If that's how the 50 shifting statute defines it. And the issue I'm having here is that under the 88, it does seem that the statute is different. It treats fees and costs as separate categories. So why don't you address that issue? Sure. And so again, I would go back to the first, which is and I understand that I don't mean to be the dead horse here is that these arguments were never raised in defendants moving. We understand. We understand that. But how about on the how about on the actual merits? The real nub of this issue, which is under the 88 are fees defined as part of costs so that they could be part of the appellate bond? Sure. So the federal rules of Appellate Procedure rule seven, which governs the issuing of appellate bonds, reads as follows. The district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. I understand that the court's question now here is how does the 88 define costs versus attorneys fees? And in such a case, attorneys fees here are defined essentially what it says is a prevailing plaintiff is entitled to recover attorney's fees, including costs. While there's no direct case in the Ninth Circuit directly on point, I have found other cases in other circuits, which have interpreted language such as the 88 or equivalent to 88 as finding that language such as that found in the 88 does, in fact, allow for attorneys fees to be included as a definition of cost. So, for example, in International Forecrafts, which is a First Circuit court, the court there was analyzing the attorneys fees provision in a RICO statute. In the RICO statute, it reads any person injured in his business or property by reason of a violation of section 19. May sue in the appropriate United States court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. Okay, so that gets exactly the point I wanted to ask you. That statute says the costs, including an attorney's fee. The ADA says something slightly different. It says you may recover a reasonable attorney's fee, including litigation expenses and costs. One of them says the costs include an attorney's fee. The other one says you may recover a fee, including litigation expenses and costs. So, is that the same as the First Circuit? I would argue absolutely so. The mere difference is between... So, in the RICO, it says cost of the suit, including a reasonable attorney's fee. Under the ADA, and I apologize, I should have this directly in front of me, what it says is a reasonable fee, including litigation expenses and costs. The mere fact that cost was placed in front of attorney's fees in the RICO statute, as opposed to the ADA, I don't think is significant. In both instances, the attorney's fees, it says attorney's fees and costs. And so, there's an understanding that there's a cost and then there's attorney's fees. The ADA language reads exactly to RICO, and in the First Circuit, the court has found that that type of language essentially lumps attorney's fees together with costs. But going beyond this, I would go to the purpose of federal rules of appellate procedure, Rule 7. As the court in Adesany v. Miller, which is the Second Circuit Court, stated, the purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals court by appellants who pose a payment risk. And essentially, what they're saying here is, we are entitled to include within the appellate bond any amount that we would be entitled to recover if we were to prevail on this issue. And in fact, this was also referenced to in the Ninth Circuit Court of Adesany. It essentially said, because Rule 7's drafters did not define the term cost on appeal, we conclude that they likely intended to refer to all costs properly awardable at the conclusion of the appeal, including attorney's fees authorized by relevant statutory authority. What it sought to do here was to protect an appellee's rights, not to be dragged into an appeal court, expend a tremendous amount of attorney's fees that it would subsequently be entitled to, and not have any way of recovering that amount. And I would say that to construe the ADA's language, to say that the attorney's fees does, in fact, encompass costs, would further the purpose of Federal Rules of Appellate Procedure Rule 7. So, I was trying to find ADA cases that said that, and all I could find was, as a published opinion, the Seventh Circuit's decision in Webb versus James, which came to a contrary conclusion. Are there any published, and I know there's a couple of Ninth Circuit MemDiscs that come to the same conclusion as the Seventh Circuit. Do you have any authority dealing with the ADA that says that attorney's fees are part of costs? I do not, Your Honor, and especially in sort of a narrow issue regarding attorney's fees and costs for purposes of an appellate bond under Rule 7. This does appear to me a matter of first impression. But again, I would implore the court to follow the logic. And that is, but we're asking because I want to try to figure out what you think the right rule is. I think the ruling here would be to follow the Sixth Circuit and the Second Circuit in finding, in sort of promoting an analysis that would promote the spirit of Rule 7. The Rule 7 purposely does not define the term cost on appeal. It merely states in very broad terms that a district court can require an appellant to pay any amount necessary to ensure payment of costs on appeal. I will note for this court that we, as the appellee, we never see the bond amount. This amount is deposited with the court, and that amount does not come to us unless we prevail on the issues here. In which case, if we were to prevail in successfully defending this appeal, we would be entitled to attorney's fees always under the ADA. So by including the attorney's fees in the appellate amount, it is simply ensuring that we will, in fact, be able to recover the attorney's fees that we are rightfully entitled to under the ADA if we were to prevail on this issue. If we don't prevail on this issue, the bond gets returned to defendant and essentially no harm, no foul. Did you have more that you wanted to argue? You had about one minute left. You don't need to use it. I would emphasize again for this court that, you know, there are circumstances where a defendant can raise an issue for the first time on appeal, and yet defendant had opportunity after opportunity after opportunity to say why his case falls within one of the exceptions, and yet it never did. The Ninth Circuit follows this well-settled rule of not hearing arguments on the first time on appeal because, one, it deprives the appellate court the opportunity to reap the benefit of the district court's full analysis. But beyond that, it allows appellants in this situation to essentially sandbag us. It is not defendant here that is making the argument that appellate attorney's fees are not included as cost. Instead, he's thrown this responsibility upon the Ninth Circuit to make this argument for him, and I would argue that that is entirely improper, and the court should not even consider this argument. Thank you. Thank you. Your perfect timing. You ended exactly on the red light. Mr. Rothman, you've got a little bit of time left for rebuttal. Let's move the clock up to one minute so that you don't have to speak as Go ahead. Thank you. Thank you. I just want to respond that the statute has to be read as far as Rule 7 and cost and attorney's fees has to be read clearly. Some of those, some statutes say attorney's fees and costs are included. Some aren't, and you have to go by strict. I've read those Fifth Circuit cases, and I kind of agree with what the court said. Going back to the extremely important issue, it relates to the standing and the requirements to even recover attorney's fees in the first place, and it can be brought up at any time. And then the last point I want to bring up, which I appreciate the court relates to Federal Rules of Civil Procedure, Rule 60. They modified the judgment to now include what was the correct amount, but the question is, how reasonable is that time? And with that, Your Honor, I would submit. Your Honors, I submit. Thank you. Thank you. Thank you. Thank both counsels and this case, both counsel. This case will be submitted, and we'll move on to the final case on our oral argument calendar for today. Rupp v. Becerra.
judges: Hurwitz, Bress, Bumatay